UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSE L. NEGRON, | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| | ) | NO. 4:16-CV-40150-TSH |
| v. | ) | |
| | ) | |
| THOMAS TURCO, III, ABBE NELLIGAN, COLETTE GOGUEN, and LUIS MELENDEZ, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

May 26, 2017

**HILLMAN, D.J.**

### I. Introduction

Before the Court is remaining[1] defendants Thomas Turco, III, Abbe Nelligan, Colette Goguen, and Luis Melendez's motion to dismiss (ECF No. 43), plaintiff's motion for preliminary injunction (ECF No. 3), plaintiff's motions for leave to file an amended or supplemental complaint (ECF Nos. 69 and 70), motions relating to discovery (ECF Nos. 51, 61 and 62) and a renewed motion to appoint counsel (ECF No. 63). For the reasons stated below, plaintiff's motions to amend and supplement will be allowed in part and denied in part, the defendants' motion to dismiss will be denied as moot, plaintiff's motion for preliminary injunction will be denied as moot, plaintiff's

---

[1] Of the original defendants, only four remain. Defendants Thomas Dickhaut, Kelly Ryan, and Lois Russo, who did not file an answer or motion for summary judgment, nor served in this action, were voluntarily dismissed by the plaintiff on April 28, 2017. See ECF No. 66; Fed. R. Civ P. 41(a)(1)(A)(i).

1

discovery-related motions will be denied without prejudice, and plaintiff's motion to appoint counsel will be denied.

## II. Procedural History

On October 17, 2016, *pro se* prisoner plaintiff Luis Negron filed a voluminous complaint (ECF No. 1) against defendants Thomas Turco, III, Commissioner of the Department of Corrections, Thomas Dickhaut, Deputy Commissioner Department of Corrections, Kelly Ryan, Superintendent of MCI Shirley, Lois Russo, Superintendent of MCI Concord, Colletee Goguen, Superintendent of MCI Gardner, Abbe Nelligan, Deputy of Classification, and Luis Mendez, Internal Perimeter Commander. Along with his complaint, plaintiff filed a motion for preliminary injunction (ECF No. 3).

On October 17, 2016, plaintiff filed a motion to amend his complaint. (ECF No. 11) On November 16, 2016, the Court allowed the motion to proceed *in forma pauperis*, assessed an initial filing fee, denied the motion for appointment of counsel without prejudice, and allowed the motion to amend the complaint. The amended complaint was docketed, and the exhibits to the complaint were incorporated by reference into the amended complaint. The plaintiff was ordered to notify the court prior to service of the complaint if he did not intend the exhibits to be incorporated into the amended complaint. No objection was filed.

On February 8, 2017, defendants Turco, Nelligan, Goguen, and Melendez filed a joint motion to dismiss the complaint. On February 21, 2017, plaintiff opposed the motion to dismiss. (ECF No. 46).

On April 14, 2017, with leave of court, defendants Turco, Nelligan, Goguen, and Melendez responded to the motion for preliminary injunction. (ECF No. 65).

On April 28, 2017, plaintiff filed a "stipulation of dismissal" of defendants Thomas Dickhaut, Kelly Ryan, and Lois Russo, substantially narrowing the scope of this action. That same day, plaintiff filed a Motion For Leave to File Supplemental Response to Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction (ECF No. 68).

On May 11, 2017 plaintiff filed motions for leave to file supplemental amended complaint and for leave to file a supplemental complaint. (ECF Nos. 69 and 70). The remaining defendants opposed the motions. (ECF Nos. 71 and 72).

### III. Discussion

#### A. Plaintiff's Motions to Amend and Supplement the Complaint Are Allowed-in-Part and Denied-in-Part.

At this stage of the proceedings, under Rule 15 of the Federal Rules of Civil Procedure, a plaintiff "may amend [his] pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Similarly, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The defendants oppose the motions to amend and supplement the complaint, referring to their motion to dismiss the action. One of the grounds raised in the motion to dismiss (and in their opposition to the motion to amend) is that the complaint and proposed amended complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Court agrees in principle that the current complaint and proposed second amended complaint largely do not comply with basic pleading requirements of the Federal Rules. Instead, they are densely worded, rambling narratives concerning events spanning multiple institutions and persons, making it extremely difficult for the Court to discern the contours of the claims. It is not surprising that the defendants have had difficulty in culling the claims for purposes of their motion to dismiss. The difficulties with

addressing the complaint and defendant's motion to dismiss are only compounded by plaintiff's voluntary dismissal of three of the defendants subsequent to the filing of the original motion to dismiss.

Accordingly, it is in the interest of justice to permit the plaintiff a <u>final</u> opportunity to amend and supplement his complaint to conform with the basic pleading requirements of the Federal Rules of Civil Procedure. Plaintiff should not mistake this opportunity as an open invitation to make "supplemental" filings. Let there be no confusion: defendants are entitled to respond to <u>one</u> document, and not be subjected to a moving target of litigation by the plaintiff. The Court's leave is also not an invitation for plaintiff to bombard the Court with a more elaborate complaint. Rather, plaintiff is instructed that Rule 8(a) of the Federal Rules of Civil Procedure requires that the complaint contain "**a short and plain statement of the claim** showing that the pleader is entitled to relief; and…a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(1)-(3)(emphasis supplied). This statement must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,' " <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). It must afford the defendants a "[']meaningful opportunity to mount a defense,' " <u>Díaz-Rivera v. Rivera-Rodríguez</u>, 377 F.3d 119, 123 (1st Cir. 2004) (quoting <u>Rodríguez v. Doral Mortgage Corp.</u>, 57 F.3d 1168, 1172 (1st Cir. 1995)). "[T]he complaint should at least set forth minimal facts as to who did what to whom, when, where, and why..." <u>Educadores Puertorriqueños en Acción v. Hernandez</u>, 367 F.3d 61, 68 (1st Cir. 2004). "The statement should be short because unnecessary length places an unjustified burden on the court and on the party who must respond to it." <u>Chase v. Chafee</u>, No. CA 11-586ML, 2011 WL 6826504, at *2 (D.R.I. Dec. 9, 2011), <u>report and recommendation adopted,</u> No. CA 11-586 ML, 2011 WL 6826629 (D.R.I. Dec. 28, 2011)(citations

and quotation omitted). "The threshold may be low, but it is real—and it is the plaintiff's burden to take the step which brings his case safely into the next phase of the litigation." Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988). Similarly, Rule 10 requires that a plaintiff must state its claims "in numbered paragraphs, each limited as practicable to a single set of circumstances", and that if "doing so would promote clarity, **each claim founded on a separate transaction or occurrence…must be stated in a separate count**…" Fed. R. Civ. P. 10(b)(emphasis supplied).

Accordingly, within 35 days of the date of this Memorandum and Order, the plaintiff shall file a second amended complaint – a stand-alone document- setting forth plausible claims upon which relief may be granted. The second amended complaint should focus on the legal claims against each defendant, and the factual basis for such claims. In other words, plaintiff should set forth at minimal facts as to who did what to whom, when, where, and why, in a non-conclusory manner. He should not assert claims collectively against the defendants, but should parcel out the claims against each defendant by name, separately, to the extent possible. Plaintiff should also not assert multiple causes of action against a defendant in one count; rather, he should identify separately each cause of action and the grounds therefore. The second amended complaint must stand on its own; it may not incorporate by reference other documents and will completely replace the prior complaints. The plaintiff may attach exhibits, but is not required to do so. He may not rely on previously filed exhibits by incorporating them by reference. Defendants shall thereafter have 35 days to respond to the second amended complaint.

### B. Defendants' Motion to Dismiss is Denied as Moot.

In light of the Court's allowance in part, and denial in part, of the motions to amend and supplement the complaint, the motion to dismiss is denied as moot.

### C. Plaintiff's Motion for a Preliminary Injunction is Denied as Moot.

Because an amended complaint will be filed, and plaintiff apparently seeks to supplement his motion for a preliminary injunction in Plaintiff's Motion for Leave to file Supplemental Response to Defendants Opposition on Plaintiff's Motion for Preliminary Injunction ECF No. 68, the motion will be denied as moot, subject to refiling upon service of the amended complaint.

### D. Plaintiff's Discovery Motions are Denied without Prejudice.

Plaintiff has made several motions relating to information he is seeking from the defendants. (ECF Nos. 51, 61 and 62). In light of the complaint being amended, the motions are denied without prejudice subject to re-filing after the defendants are served with the second amended complaint and defendants respond to the second amended complaint. To the extent that the defendants respond to the second amended complaint with a motion to dismiss, such motions shall not be re-filed until after the disposition of such motions.

### E. Plaintiff's Motion for Appointment of Counsel is Denied.

Plaintiff has renewed his motion for appointment of counsel claiming this matter is "complex," that he cannot afford counsel and has limited access to the law library. The Court may request an attorney to represent plaintiff if it finds that: (1) plaintiff is indigent and (2) exceptional circumstances exist such that the denial of counsel will result in a fundamental unfairness impinging on his due process rights. DesRosiers v. Moran, 949 F. 2d 15, 23 (1st Cir. 1991); 28 U.S.C. 1915(e)(1). While the plaintiff is indigent, plaintiff has not identified exceptional circumstances warranting the appointment of counsel. The "complexity" of the action, at least up until this point, relates to the unnecessarily protracted pleadings filed by the plaintiff, not the underlying legal concepts. As to access to the law library, plaintiff has alleged that he has been under such constraints much of the time during this case, and it is not unusual for plaintiffs to

litigate under such circumstances. Plaintiff has failed to meet his burden and the motion will be denied.

IV. <u>**Conclusion and Order**</u>

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's motions to amend and supplement the complaint .(ECF Nos. 69 and 70) is <u>ALLOWED IN PART AND DENIED IN PART</u> as set forth above. Plaintiff shall file a second amended complaint within 35 days from the date of the entry of this Memorandum and Order. Plaintiff's failure to comply with this Order will result in dismissal of this action. Defendants shall respond within 35 days of service of a second amended complaint.

2. Defendant's Motion to Dismiss (ECF No. 43) is hereby <u>DENIED</u> as <u>MOOT</u>.

3. Plaintiff's motion for Preliminary Injunction (ECF No. 3) is hereby <u>DENIED</u> as <u>MOOT</u>. To the extent the plaintiff refiles a motion for preliminary injunction along after his Second Amended Complaint is filed, the defendants shall have 35 days to respond to such motion.

4. Plaintiff's motions relating to discovery (ECF Nos. 51, 61 and 62) are hereby <u>DENIED</u> without prejudice subject to re-filing after an amended complaint is filed and defendants respond to the second amended complaint. To the extent that defendants respond to a second amended complaint with a motion, plaintiff shall not renew any such motion until after disposition of such motion.

5. Plaintiff's Motion for Appointment of Counsel (ECF NO. 63) is hereby <u>DENIED</u>.

**SO ORDERED.**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**