# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| JOSE L. NEGRON, ) | |
| ) | CIVIL ACTION |
| Plaintiff, ) | |
| ) | NO. 16-40150-TSH |
| v. ) | |
| ) | |
| THOMAS TURCO, III ABBE NELLIGAN, ) | |
| COLETTE GOGUEN, LUIS MELENDEZ, ) | |
| and LORI CRESEY, ) | |
| ) | |
| Defendants. ) | |

## ORDER AND MEMORANDUM ON PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT (Docket No. 221) AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Docket No. 224)

**January 2, 2019**

**HILLMAN, D.J.**

Jose L. Negron ("Plaintiff") is incarcerated with the Massachusetts Department of Correction. Plaintiff has been housed at Souza-Baranowski Correctional Center, MCI-Concord, MCI-Shirley (Medium), and/or NCCI-Gardner at all times relevant to this litigation. On September 17, 2017, this Court issued an order dismissing all of Plaintiff's claims except found that Counts III and IV were plausibly pled. (Docket No. 87). Plaintiff's surviving claims are against Defendant Melendez for retaliation in violation of 42 U.S.C. § 1983 (Count III) and Defendants Nelligan and Cresey for failure to protect in violation of the Eighth Amendment (Count IV). For the reasons stated below, Plaintiff's motion (Docket No. 221) is ***denied*** and Defendants' motion (Docket No. 224) is ***granted***.

## Standard of Review

Rule 56 of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment if the moving party shows, based on the materials in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A factual dispute precludes summary judgment if it is both "genuine" and "material." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505 (1986). An issue is "genuine" when the evidence is such that a reasonable factfinder could resolve the point in favor of the nonmoving party. *Morris v. Gov't Dev. Bank of Puerto Rico*, 27 F.3d 746, 748 (1st Cir. 1994). A fact is "material" when it might affect the outcome of the suit under the applicable law. *Id*.

The moving party is responsible for "identifying those portions [of the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986). It can meet its burden either by "offering evidence to disprove an element of the plaintiff's case or by demonstrating an 'absence of evidence to support the nonmoving party's case.'" *Rakes v. United States*, 352 F. Supp. 2d 47, 52 (D. Mass. 2005), *aff'd*, 442 F.3d 7 (1st Cir. 2006) (quoting *Celotex*, 477 U.S. at 325, 106 S.Ct. 2548). Once the moving party shows the absence of any disputed material fact, the burden shifts to the non-moving party to place at least one material fact into dispute. *Mendes v. Medtronic, Inc.*, 18 F.3d 13, 15 (1st Cir. 1994) (citing *Celotex*, 477 U.S. at 325, 106 S.Ct. 2548). When ruling on a motion for summary judgment, "the court must view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Scanlon v. Dep't of Army*, 277 F.3d 598, 600 (1st Cir. 2002) (citation omitted).

## Discussion

1. *Count III*

The principles of administrative exhaustion provide "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51, 58 S.Ct. 459 (1938). In addition, "[u]nder most circumstances, courts will not consider issues that were not raised in prior administrative proceedings." *Northern Wind, Inc. v. Daley*, 200 F.3d 13, 18 (1st Cir. 1999). These principles "serve[] a variety of worthwhile ends, including judicial economy, agency autonomy, and accuracy of result." *Eagle Eye Fishing Corp. v. United States Dep't of Commerce*, 20 F.3d 503, 505 (1st Cir. 1994).

Prisoners attempting to litigate their cases in court must also comply with these exhaustion requirements. The Prison Litigation Reform Act ("PLRA") provides in relevant part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 93, 126 S.Ct. 2378 (interpreting PLRA to require "proper exhaustion" thus "giv[ing] prisoners an effective incentive to make full use of the prison grievance process and accordingly provid[ing] prisons with a fair opportunity to correct their own errors").

Here, Plaintiff alleges that disciplinary reports were issued as retaliation for this lawsuit. (Docket No. 95 ¶ 62). However, Plaintiff has failed to file any grievance alleging Defendant Melendez was responsible for any disciplinary report he received. (Docket No. 226 ¶ 261). And, while Plaintiff did challenge Disciplinary Report No. 377384, nowhere in that appeal did Plaintiff imply that Defendant Melendez was responsible. *Id.* ¶¶ 253-259.

Accordingly, because Plaintiff did not raise any claims against Defendant Melendez when he challenged Disciplinary Report No. 377384, this Court will not consider them. In addition,

with respect to his remaining retaliation allegations against Defendant Melendez, Plaintiff has failed to exhaust his administrative remedies.

### 2. *Count IV*

"[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411 (1980). A claim is precluded when there has been a final judgment on the merits, the parties in the two proceedings are sufficiently identical, and the claim in the two proceedings is sufficiently identical. *U.S. v. Cunan*, 156 F.3d 110, 114 (1st Cir. 1998).

This court must "give the same preclusive effect to a state-court judgement as would the courts of the State rendering the judgement." *McDonald v. City of West Branch, Michigan*, 466 U.S. 284, 287, 104 S.Ct. 1799 (1984). Pursuant to Mass. R. Civ. P. 41(b)(3), unless dismissal is for lack of jurisdiction, improper venue, failure to join a party, improper amount of damages, or otherwise specifies, it "operates as an adjudication on the merits." Mass. R. Civ. P. 41(b)(3); *see also Bagley v. Moxley*, 407 Mass. 633, 637, 555 N.E.2d 229 (1990) (under Massachusetts law, a dismissal with prejudice is "an adjudication on the merits as full and completely as if the order had been entered after trial").

On September 14, 2016, Suffolk Superior Court dismissed Plaintiff's claim with prejudice for failure to comply with a court order to pay a filing fee. (Docket No. 226, Ex. C at 160, 192). The dismissal does not fall within the scope of any exception and accordingly operates as an adjudication on the merits. Further, the claims and parties are sufficiently identical as Plaintiff similarly alleged that Defendants Nelligan and Cresey failed to protect him based on the same set of facts as this case. (Docket No. 226-3 at 161-83).

Accordingly, this Court is precluded from relitigating Plaintiff's failure to protect claims against Defendants Nelligan and Cresey.

## **Conclusion**

For the reasons stated above, Plaintiff's motion (Docket No. 221) is ***denied*** and Defendants' motion (Docket No. 224) is ***granted***.

**SO ORDERED**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**